**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 10-5167**

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

REGINALD RENARD ROSS,

Defendant - Appellant.

Appeal from the United States District Court for the Middle District of North Carolina, at Greensboro. James A. Beaty, Jr., Chief District Judge. (1:08-cr-00483-JAB-1)

Submitted: September 15, 2011      Decided: September 28, 2011

Before GREGORY, SHEDD, and WYNN, Circuit Judges.

Reversed and remanded by unpublished per curiam opinion.

Louis C. Allen, Federal Public Defender, Eric D. Placke, Assistant Federal Public Defender, Greensboro, North Carolina, for Appellant. Ripley Rand, United States Attorney, Michael F. Joseph, Assistant United States Attorney, Greensboro, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

A jury convicted Reginald Renard Ross of possession of a firearm by a convicted felon, in violation of 18 U.S.C. §§ 922(g)(1), 924(a)(2) (2006). He now appeals the district court's judgment, challenging the denial of his motion for judgment of acquittal on the ground that his prior North Carolina convictions were not felonies inasmuch as they were not "punishable for a term of imprisonment exceeding one year." In light of our recent decision in United States v. Simmons, \_\_\_ F.3d \_\_\_, 2011 WL 3607266 (4th Cir. Aug. 17, 2011) (en banc), we reverse Ross' conviction and remand for further proceedings.

This appeal turns on § 922(g)(1)'s prohibition of the possession of a firearm by any person "who has been convicted in any court of, a crime punishable by imprisonment for a term exceeding one year." 18 U.S.C. § 922(g)(1). At the time of Ross' indictment and conviction, this court determined whether a prior conviction qualified as a felony for purposes of § 922(g)(1) by considering "the maximum aggravated sentence that could be imposed for that crime upon a defendant with the worst possible criminal history." United States v. Harp, 406 F.3d 242, 246 (4th Cir. 2005). While Ross' appeal was pending, however, Harp was overruled by the en banc decision in Simmons. See Simmons, 2011 WL 3607266, at *3. Simmons held that a prior North Carolina offense was punishable for a term exceeding one

2

year only if the particular defendant before the court had been eligible for such a sentence under the applicable statutory scheme, taking into account his criminal history and the nature of his offense.  Id., at *8; see also N.C. Gen. Stat. § 15A-1340.17(c)-(d) (2009) (setting forth North Carolina's structured sentencing scheme).  We agree with Ross that, on the record before us, he was not eligible on his North Carolina convictions to receive a sentence exceeding one year.

Because Simmons directs the conclusion that Ross was never convicted of a crime punishable by more than one year of incarceration, he cannot be convicted as a felon in possession of a firearm under § 922(g)(1).  We of course do not fault the Government or the district court for their reliance upon unambiguous circuit authority at the time of Ross' indictment and conviction.  Accordingly, we reverse Ross' conviction and remand for further proceedings.  The Clerk is directed to issue the mandate forthwith.  We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

REVERSED AND REMANDED